UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

NOV 2 3 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

PERCY JAMES TUCKER,

Plaintiff,

v.

JEFF BEZOS, *et al.*,

Defendants.

ACTION NO. 2:21cv639

## DISMISSAL ORDER

The Court previously ordered *pro se* Plaintiff Percy James Tucker ("Plaintiff") to show cause why this action should not be dismissed as frivolous and/or for failing to comply with the service requirements of Rule 4(m) of the Federal Rules of Civil Procedure.   Order Show Cause at 1-3, ECF No. 5.   This matter is before the Court to review the sufficiency of Plaintiff's response.   For the reasons set forth below, this action is **DISMISSED** without prejudice pursuant to Federal Rule 4(m).

### I.   Relevant Factual and Procedural Background

Plaintiff, appearing *pro se*, paid the requisite fees and filed a Complaint that identified the named Defendants as (i) "Jeff Bezos, Founder"; (ii) "Andy Jassy, CEO"; (iii) "Jeff Bezos, Owner"; and (iv) "Unknown Defendant(s)" (collectively, "Defendants").   Compl. at 2, ECF No. 1; Receipt, ECF No. 1-1.   In his Complaint, Plaintiff sought $10 million in damages "due to copyright infringement;" however, Plaintiff provided no factual allegations regarding the basis for his claim.[1] *Id.* at 4.

---

[1] It appeared that Plaintiff may have intended to attach a separate document to his Complaint to explain the factual basis for his claim; however, there were no documents attached to Plaintiff's Complaint.   *See* Compl. at 4, ECF No. 1 (stating "See Statement of Claim").

In an Order to Show Cause entered on March 21, 2022, the Court explained that "a complaint may be 'subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid,' if the Court determines that the complaint is frivolous."   Order Show Cause at 1-2 (quoting *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012)).   Because Plaintiff's Complaint provided no factual allegations to support Plaintiff's claim, the Court determined that Plaintiff's Complaint, in its current form, was "frivolous and subject to dismissal."   *Id.* at 2.

The Court also determined that this action was subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.   *Id.*   Federal Rule 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."   Fed. R. Civ. P. 4(m).

Plaintiff's ninety-day deadline to serve Defendants expired on March 2, 2022.   *See* Compl. at 1 (filed on December 2, 2021).   Prior to the expiration of this deadline, Plaintiff filed summonses and proofs of service with the Court that summarized Plaintiff's attempts to serve each named Defendant.   Summonses at 1-8, ECF No. 3; Summons at 1-4, ECF No. 4.   In its Order to Show Cause, the Court summarized Plaintiff's service attempts as follows:

> Jeff Bezos, Founder: Plaintiff mailed a service package to Jeff Bezos at Amazon Headquarters, 410 Terry Ave N., Seattle, WA 98109-5210.  The mailing was signed for by an individual named "D. Geer" on December 17, 2021.
>
> Jeff Bezos, Owner: Plaintiff mailed a service package to Jeff Bezos at Amazon Headquarters, 804 Greenbrier Cir., Chesapeake, VA 23320-2665.  The mailing was returned as undeliverable.
>
> Andy Jassy, CEO: Plaintiff mailed a service package to Andy Jassy at Amazon Headquarters, 410 Terry Ave N., Seattle, WA 98109-5210.  The mailing was signed for by an individual named "D. Geer" on December 17, 2021.

Order Show Cause at 2 (citing Summonses at 1-8, ECF No. 3; Summons at 1-4, ECF No. 4).   The Court determined that Plaintiff's attempts to serve Defendants failed to comply with the service

requirements of Federal Rule 4(e).  *Id.*; *see* Fed. R. Civ. P. 4(e) (summarizing the methods by which an individual may be served with process).  The Court stated: "With Plaintiff's service deadline now expired, the Court further finds that dismissal of this action is warranted under Federal Rule 4(m)."  *Id.* at 3.

In deference to Plaintiff's *pro se* status, the Court provided Plaintiff with an opportunity to address the issues discussed above before dismissing this action.  *Id.*  The Court stated: "Plaintiff is **ORDERED** to **SHOW CAUSE**, within twenty-one days from the date of entry of this Order to Show Cause, why this action should not be dismissed as frivolous and/or for failing to comply with Federal Rule 4(m)."  *Id.*  The Court specifically warned Plaintiff that this action would be dismissed if he failed to respond to the Order to Show Cause.  *Id.* (citing Fed. R. Civ. P. 41(b)).

## II.  **Plaintiff's Response**

Plaintiff filed a timely response to the Court's Order to Show Cause ("Response").  Resp., ECF No. 6.  In his Response, Plaintiff includes additional factual allegations to support his claim; however, Plaintiff does not address the Court's concerns regarding Plaintiff's service-related failures.  *See id.* at 1-5; Exs., ECF No. 6-1 through 6-10.  Thus, Plaintiff has not established that Defendants were properly served with process and has not provided any information that would warrant an extension of Plaintiff's service deadline. [2]   Accordingly, this action is hereby **DISMISSED** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

---

[2] The Court notes that Plaintiff refers to "Amazon Corporation" on the first page of his Complaint.  Compl. at 1, ECF No. 1.  However, "Amazon Corporation" is not identified as a named Defendant on page two of Plaintiff's Complaint, where Plaintiff is asked to provide the address and contact information "for each defendant named in the complaint."  *Id.* at 1-2.  To the extent that Plaintiff intended to name "Amazon Corporation" as a separate Defendant in this action, the Court finds that Plaintiff has not established that he timely and properly served "Amazon Corporation."  *See* Fed. R. Civ. P. 4(h) (summarizing the methods by which a corporation may be served with process).  Thus, "Amazon Corporation" would also be subject to dismissal under Federal Rule 4(m).  *See* Fed. R. Civ. P. 4(m).

### III.   Conclusion

For the reasons set forth above, this action is **DISMISSED** without prejudice pursuant to Federal Rule 4(m).[3]

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.   The written notice must be received by the Clerk within thirty days of the date of entry of this Dismissal Order.   If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* shall be submitted to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff.

IT IS SO **ORDERED**.

Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November   22   , 2022

---

[3] Plaintiff filed two motions in this action, i.e., a "Motion for Change of Venue," ECF No. 7, and a "Motion to Be Heard," ECF No. 9.   Because the Court dismisses this action without prejudice pursuant to Federal Rule 4(m), Plaintiff's motions are hereby **DISMISSED as moot**.

4